**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **PAUL BOZZUTO, JR.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>**Defendant.** | **CIVIL ACTION NO.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Paul Bozzuto, Jr., against Defendant Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

2. In 2025, Plaintiff applied for a job with Accenture. As part of the application process, Accenture purchased a consumer report on Plaintiff from HireRight, a consumer reporting agency ("CRA"). To prepare and furnish its consumer report, HireRight purchased information about Plaintiff from Experian.

3. After HireRight furnished its consumer report to Accenture, Accenture told Plaintiff that he could not start working because of information in the consumer report. When Plaintiff contacted HireRight to investigate the information that

caused the employment action, HireRight told him that the information it received from Experian showed that his social security number was connected to another consumer in Experian's Address Update search. In other words, HireRight told Plaintiff that Experian had information in its files – information that it sent to HireRight – that concerned his social security number.

4. To further investigate and correct the issue, and to understand what information Experian was selling about him to HireRight, Plaintiff filed a dispute with Experian in early 2026.

5. Experian never responded to Plaintiff's dispute.

6. Plaintiff continued to investigate what Experian had reported about him to HireRight, and why it was reporting that his social security number was connected to another consumer. To do so, Plaintiff sent to Experian a 15 U.S.C. § 1681g request for his "complete file, including (1) the sources of any information, (2) a list of all entities to which [Experian] sent reports about me, and (3) copies of all such reports." He also requested "the results of your Address Update search that was run on me several times in 2025 and 2026, and that you provided to HireRight."

7. Plaintiff hoped that Experian would provide him with the information it had provided to HireRight so that he could correct the information and ensure that his social security number was connected to him, and to no other consumer.

8. But Experian failed to provide him with a copy of his complete file, including the results of its Address Update search.

9. Instead, Experian treated Plaintiff's 15 U.S.C. § 1681g file request as a dispute under 15 U.S.C. § 1681i, and failed to provide the information at issue. As part of its response, Experian told Plaintiff that it was "unable to honor your request or a portion of it based on the limited amount of information regarding your dispute."

10. Plaintiff was stuck. He remains without a copy of his full file, including the information in Experian's Address Update search, and any way to know what information Experian had reported to HireRight and why his social security number was associated with a different consumer.

11. As a result of Experian's actions and inaction, Plaintiff asserts claims against it under 15 U.S.C. § 1681g.

## PARTIES

12. Plaintiff is an adult individual residing in the state of Georgia.

13. Experian is a CRA, as defined by 15 U.S.C. § 1681a(f).

14. Experian regularly conducts business in the Northern District of Georgia and has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

## JURISDICTION & VENUE

15. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

16. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

17. In 2025, Plaintiff applied for a job with Accenture.

18. Accenture offered Plaintiff the position with an anticipated October start date, pending his successful completion of a consumer report.

19. To evaluate Plaintiff for employment purposes, Accenture purchased a consumer report on Plaintiff from a consumer reporting agency named HireRight.

20. Accenture told Plaintiff that HireRight might be having problems with his social security number, and it provided Plaintiff with HireRight's phone number.

21. Plaintiff called HireRight, and HireRight told Plaintiff that the problem rested with Experian.

22. Plaintiff called Experian, which confirmed his information, including his social security number, and told him to request that Accenture generate a new report.

23. Plaintiff contacted Accenture and requested that it generate a new report.

24. Plaintiff did not begin employment on November 3rd because of the consumer report issue. On November 14th, Accenture told Plaintiff that his consumer report was still under review, and his start date would need to be pushed back again to December 1st.

25. On November 26th, Accenture told Plaintiff that it would need to again push back his start date because of the in-progress consumer report.

26. On December 12th, Accenture informed Plaintiff that his consumer report was still pending, and his new anticipated start date was January 12, 2026.

27. On or about January 20, 2026, HireRight furnished its consumer report to Accenture.

28. According to the consumer report, HireRight performed an SSN Trace with the result of "Closed – No Data Found".

29. After additional communications with Accenture to try to identify the issue, Plaintiff filed a dispute with HireRight on February 6th.

30. On February 17th, HireRight sent Plaintiff a letter concerning his dispute:

> On 02/06/2026, you filed a dispute with HireRight for SSN Trace report ordered by Accenture [At-Hire]. In your dispute, you stated you contacted Experian, they have a correct DOB. Based on the information available to us, we have concluded our review of your request.

> HireRight has reviewed your dispute and determined that your social security number is associated to a different consumer in Experian's Address Update search, which contains different information than their general credit file. Please contact Experian's Consumer Assistance Center (MCE) at 800.509.8495 and select Options 2-1-1 to correct the discrepancy. Once corrected and if the hiring company orders a new report, it should reflect updated information.

31. Plaintiff responded to HireRight's letter:

> I am writing to formally demand immediate corrective action regarding the inaccurate background report your company issued in my name. My HireRight dispute number is **21129114**.
> As confirmed in writing, Experian has verified that all information contained in my credit file is accurate. There are no discrepancies, identity fraud indicators, or reporting errors on their end. Therefore, the persistent inaccuracies in my background report are not attributable to Experian.
> In your February 12 letter, HireRight stated that my Social Security number 'is associated to a different consumer in Experian's Address Update search.' This is a clear admission that my identifying information has been improperly linked to another individual, in this case my late father.
> Previously, your representatives provided inconsistent and misleading guidance. On February 10, 2026, I spoke with a HireRight representative, Jessa, who informed me that the issue was a **confusion between my identifying information and my late father's** (**Paul Bozzuto Sr.**). Prior to that conversation, I was explicitly told last fall that the issue was not related to my father and was again directed to pursue a dispute with Experian. I followed that instruction in good faith, and Experian confirmed the accuracy of my file, meaning there was nothing to correct on their end.

(emphasis in original).

32. On February 23rd, Plaintiff sent a dispute to Experian via certified mail.

33. In the dispute, Plaintiff told Experian, among other things:

> I am writing to dispute information you have been providing to HireRight, another consumer reporting agency. As you can see in the attached letter, HireRight informed me that you are reporting that my social security number is associated with a different consumer in Experian's Address Update search. HireRight also told me on the phone that Experian told it that the birthday associated with my social security number is 7/16/70. That is wrong, as it is not my birthday. I am requesting that you correct my file and your Address Update search, as you are potentially costing me employment. I am attaching a copy of my driver's license, social security card, and utility bill with my address so that you can confirm who I am.

34. Plaintiff attached to his dispute a copy of the letter he received from HireRight in which HireRight explained that the issue rested with Experian.

35. Experian received Plaintiff's dispute.

36. Plaintiff received no response to his dispute.

37. Thus, in his continued attempt to find out what information Experian had sold about him to HireRight in connection with the Accenture consumer report, and what information Experian had in its files about him, in August Plaintiff sent a request to Experian for a copy of his file:

> I am writing to request a copy of my complete file, including (1) the sources of any information, (2) a list of all entities to which you sent reports about me, and (3) copies of all such reports. I am also seeking the results of your Address Update search that was run on me several times in 2025 and 2026, and that you provided to HireRight. I have learned that, as part of your search, you reported to HireRight, among others, that you found that my social security number is connected to another individual, and I am seeking the information that you have that shows this fact. I am including HireRight's letter to me that discusses the information it received from you. It is that information, among other information, that I am requesting.
>
> To ensure that you have proper identification from me, I have enclosed a photocopy of my driver's license, which contains my full name, and my social security card. My social security number is xxx-xx-xxxx and my date of birth is x/xx/xxxx.

38. Experian received Plaintiff's request.

39. Instead of providing Plaintiff's file and the requested information, Experian sent Plaintiff two messages.

40. First, Experian told Plaintiff:

> According to the Fair Credit Reporting Act, our role in the dispute process is to review the accuracy and completeness of any disputed item, which may include contacting the furnisher of the information or the vendor that collected the information from a public record source, notifying them of the dispute, and disclosing all relevant information regarding your dispute. When we contact the furnisher or vendor, we ask that they verify all of the

information regarding the item you disputed and report back within 30 days of the date that we received your request (21 days for Maine residents). To help resolve the dispute, we'll review all relevant documents submitted with the dispute and will forward them to the furnisher if we're unable to resolve the issue.

We review and consider the furnisher's or vendor's response to determine whether to accept it, reject it or follow up for additional information. If, after processing, we find that the disputed information is inaccurate, incomplete or can't be verified, we then delete or modify that information, as appropriate. If we don't receive a response from the furnisher or the vendor within the required period, we update the item as you have requested or delete the information, and send you the results.

In some instances, we're able to determine whether the disputed information should be changed or deleted without having to contact the furnisher or the vendor. After we complete our processing, we send you the results. If you question the results of our dispute process, you may also contact the furnisher of information directly. Please refer to your credit report for the furnisher or public records office name, address and phone number (if available). For more details, please visit www.experian.com/disputeprocess.

Pursuant to Section 611(a)(3)(A) of the Fair Credit Reporting Act, **we were unable to honor your request or a portion of it** based on the limited amount of information regarding your dispute. If you believe that an item on your personal credit report is inaccurate or incomplete, please provide specific information. Be sure to indicate the specific item you are disputing and explain why you believe the information is inaccurate, for example: "not mine," "paid in full," "never late," "included in bankruptcy," "incorrect name," etc.

> If the status, a date, an amount, a balance, personal information such as name or address, or any other specific information is inaccurate you should also indicate what the correct information should be. Once we receive this information, we will process your dispute.
>
> You may also log on to Experian.com/disputes, or call us at 1 800 509 8495 for faster service.
>
> The dispute process may take up to 30 days (or up to 45 days for a dispute of information in an annual free credit report). We will send you the results once completed. If you write to us, please provide the following:
>
> - **One copy of a government issued identification card, such as a driver's license, state ID card, etc.**
> - **One copy of a utility bill, bank or insurance statement, etc.**
>
> Please also include the following identification information:
> Your full name including middle initial (and generation - JR, SR, II, III)
> Social Security number
> Date of birth
> Complete addresses for the past two years

(emphasis in original).

41. At about the same time, Experian sent another message to Plaintiff: "Our reinvestigation of the dispute you recently submitted is now complete."

42. But Plaintiff had not filed a dispute. Instead, he had requested a copy of his file, amongst other items, so that he could determine why Experian was reporting inaccurate information to HireRight.

43. Experian failed to provide to Plaintiff a copy of his complete file, including (1) the sources of any information, (2) a list of all entities to which Experian sent reports about him, (3) copies of all such reports, and (4) the results of Experian's Address Update search that was run on Plaintiff several times in 2025 and 2026 and that it provided to HireRight.

**FIRST CLAIM FOR RELIEF**

**15 U.S.C. § 1681g**

44. Plaintiff realleges Paragraph Nos. 1-43 as if fully set forth herein.

45. The purpose underlying the FCRA is to require that CRAs adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer. 15 U.S.C. § 1681(b). To achieve this purpose, consumers have a right to request all information in files maintained by consumer reporting agencies to ensure that it is accurate and up to date.

46. Section 1681g of the FCRA requires that upon request from a consumer, a consumer reporting agency shall clearly and accurately disclose to the consumer "[a]ll information in the consumer's file at the time of the request."

47. The FCRA defines "file" as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g).

48. Defendant violated 15 U.S.C. § 1681g by failing to provide any information in Plaintiff's file at the time of the request.

49. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law. *See Cortez v. Trans Union, L.L.C.*, 617 F.3d 688, 712 (3d Cir. 2010); *Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 848 F. Supp. 2d 532, 544-45 (E.D. Pa. 2012); *Holmes v. Telecheck Int'l.*, 556 F. Supp. 2d 819, 838 (M.D. Tenn. 2008).

50. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

51. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

52. As a result of this conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

53. The violation by Defendant was willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.

§ 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

54. Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. § 1681n(a) or, alternatively, 15 U.S.C. § 1681o(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. An award of actual, statutory and punitive damages for Plaintiff;

b. An award of pre-judgment and post-judgment interest as provided by law;

c. An award of attorneys' fees and costs; and

d. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF hereby demands a jury trial on all claims for which he has a right to a jury.**

DATED: October 15, 2026

By: /s/ Andrew Weiner

Andrew L. Weiner
Georgia Bar No. 808278
Jeffrey B. Sand
Georgia Bar No. 181568
WEINER & SAND LLC
6065 Roswell Road
Suite 700-121
Sandy Springs, GA 30328
(404) 254-0842 (Tel.)
(866) 800-1482 (Fax)
aw@wsjustice.com
js@wsjustice.com

COUNSEL FOR PLAINTIFF